UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE GRUBB, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                /

Case No. 10-cv-11064

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(docket nos. 10 & 11), **DENYING GRUBB'S MOTION FOR
SUMMARY JUDGMENT** (docket no. 7), **AND GRANTING THE
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (docket no. 9)

      Gene Grubb, Jr. applied for disability insurance benefits through the Social Security Administration on February 27, 2007, after he tore a meniscus in his right knee in 2006. He was denied benefits by an administrative law judge ("ALJ") on December 1, 2008. A.R. 25  The Social Security Appeals' Council denied review, and Grubb filed this action seeking judicial review of the ALJ's decision.  The case was referred to a magistrate judge for all pre-trial motion practice. Grubb and the Commissioner of Social Security ("Commissioner") filed cross-motions for summary judgment.  The magistrate judge issued a Report and Recommendation ("Report").  The Report says that the Court should grant the Commissioner's motion for summary judgment, deny Grubb's motion for summary judgment, and dismiss the appeal.  Grubb filed timely objections to the Report.  Pl.'s Objections, Feb. 22, 2011, ECF No. 12.  Because the Court finds these objections meritless, it will adopt the Report and dispose of the motions according to the magistrate judge's recommendation.

## STANDARD OF REVIEW

Review of decisions on dispositive motions made by a magistrate judge is governed by Fed. R. Civ. P. 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the district judge is entitled to review the Report and Recommendation on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Grubb has lodged two objections to the Report. First, he argues that the magistrate judge erred in affirming the ALJ's decision to give more weight to a deposition given by Grubb's knee surgeon in 2007 than she did to a document the surgeon purportedly authored in 2008. Second, Grubb contends that the magistrate judge was incorrect not to order a remand to the ALJ in order to consider new evidence of Grubb's disability that would likely alter the ALJ's decision. Accordingly, the Court reviews these two portions of the magistrate judge's Report de novo. Because the Court finds that the report is soundly reasoned, the Court will limit its review to the two issues raised by Grubb.

## DISCUSSION OF OBJECTIONS

I. Credibility of the August 26, 2008 "Disability / Ability Form"

On judicial review of a denial of disability insurance, second-guessing the credibility findings of the ALJ is inappropriate. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989) ("We do not review the evidence *de novo*, make credibility

2

determinations nor weigh the evidence."). The Court only reviews the ALJ's determination to see if it is supported by "substantial evidence" and based on the proper legal standards. *Id.*

Grubb objects to the ALJ's decision to discount a "Social Security Disability and/or Supplemental Insurance Income Disability / Ability Form" ("Form") purportedly completed by Dr. Henri Pierre-Jacques on August 26, 2008. A.R. 445–46. The Form is designed to aid the determination of a vocational expert ("VE") as to the type of work a disability applicant could perform in the economy. The "Form" recommends fairly severe restrictions on Grubb's physical activity, including two hours a day of sitting; two hours a day of standing; only occasional bending, lifting, and carrying of light weights, with no kneeling; limited fine finger manipulation (including no pinching with his left hand); and "over heart elevation" of Grubb's legs, as needed. *Id.*

The ALJ found this report incredible. First, she determined that "while [the Form] is from the doctor's office, it is not in his hand writing [sic] and he did not sign it." A.R. 22. Second, the analysis was not consistent with earlier diagnoses of Grubb's condition by his doctors, and was not supported by other medical records indicating a change in prognosis. On July 17, 2008, Dr. Pierre-Jacques inspected Grubb as a follow-up from the knee replacement surgery. The doctor indicated on his record of the visit that Grubb's knee had improved overall, and only recommended yearly check-ups with the doctor for continued treatment. A.R. 438. The record contains no mention of the sort of extreme accommodations the Form suggests. Moreover, in a deposition given on August 24, 2007, Dr. Pierre-Jacques testified that Grubb would be able to hold a sedentary job, given his right-knee condition. A.R. 399. He also noted much more relaxed restrictions with regards to the amount of weight Grubb could carry than are indicated on the Form. *Id.* The ALJ

3

gave the deposition statements authoritative weight over the Form, and found that Grubb's activity was far less restrictive than the Form indicated. A.R. 22–23.

Grubb argues that injuries other than the right-knee pain were the cause of the heightened restrictions noted in the Form, but that assertion is belied by the record. Dr. Pierre-Jacques noted Grubb's left-knee arthritis on Grubb's July 17 appointment, but the pain was being treated with injections, and no significant limitations were mentioned. A.R. 438. At the same time, Grubb was also being treated for hand and shoulder problems, but a medical report from the surgeon on June 19, 2008, indicated no limitations beyond those identified by the ALJ. A.R. 439. The ALJ appears to have drawn the reasonable conclusion that these additional problems could not have led Dr. Pierre-Jacques to conclude that the restrictions provided in the Form were necessary, and supported her decision to give the Form little weight.

The ALJ's decision to give little regard to the Form was well within her discretion. The primary reason the ALJ did not give the Form much weight is because she likely believed the document was forged for the purpose of supporting Grubb's disability claim. Even if the Court were to disagree with that finding, it was supported by substantial evidence in the administrative record. Neither the handwriting nor the signature on the Form bears a resemblance to Dr. Pierre-Jacques' handwritten notes in other documents that are a part of the record.[1] *Compare* A.R. 445–46 *with* A.R. 429, 464. The contradictions between the medical records and the Form further suggest it may have been prepared for purposes of the administrative hearing. Grubb's other ailments are beside the point, except to the extent that the available evidence suggests they could not have triggered the draconian

---

[1] There is an uncanny resemblance between *Grubb's* handwriting and the handwriting on the Form. *Compare* A.R. 445–46 *with* A.R. 160–70, 474–75, 501.

4

restrictions proposed by the Form. The Court agrees with the magistrate judge's finding that the ALJ did not commit reversible error, and will overrule the first objection.

II. <u>Denial of "Sentence Six" Remand for Consideration of New Evidence</u>

When the Social Security Appeals' Council declines to review an ALJ's denial of benefits, judicial review is limited to materials in the administrative record. *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993). Under certain circumstances, the district court is permitted to remand a case back to an ALJ when the applicant produces evidence outside the record that is "'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). This review is authorized by the "sixth sentence" in 42 U.S.C. § 405(g), and is now known as a "sentence six remand." *See* 42 U.S.C. § 405(g) ("[the Court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."). The Sixth Circuit defines the three critical terms as follows:

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (internal citations omitted). The burden is on the claimant to show he is entitled to a remand. *Id.*

Grubb objects to the magistrate judge's recommendation that the Court deny a sentence six remand. He submitted medical records relating to visits with his physicians

after the ALJ rendered its verdict for the Court's consideration. The magistrate judge concluded that none of the evidence merited a remand. Report at 21.

The first error Grubb identifies is that his left knee and shoulder surgeries, conducted after the ALJ's ruling, should have been considered in determining his activity restrictions. But neither procedure was "material" in the sense that it would have altered the ALJ's ruling. After Grubb's shoulder surgery, his doctor recommended a ten-pound weight restriction on lifting, the same restriction the ALJ used. *Compare* A.R. 17 *with* A.R. 235. In addition, the ALJ was aware of Grubb's left-knee replacement, and discussed it in her ruling. *See* A.R. 23, 212. This argument is therefore not "new," and even if it is, the ALJ's acknowledgment of it in forming his restrictions renders it non-material. The additional surgeries cannot serve as a basis for a sentence six remand.

The second issue raised by Grubb is that the ALJ should be asked to reconsider her decision in light of being diagnosed with a degenerative cervical disc in November of 2009. *See* A.R. 489–91. This evidence does not support a remand. "New" evidence under § 405(g) is limited to evidence relevant to the issues before the ALJ when she made her ruling. If a patient's condition has deteriorated, or a new condition has been discovered, "the appropriate remedy [is] to initiate a new claim for benefits," and not a sentence six remand. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 712).

The lone case Grubb cites in his objections, *Street v. Comm'r of Social Security*, 390 F. Supp. 2d 630 (E.D. Mich. 2005), is not to the contrary. In that case, the claimant produced new evidence showing that a conclusion the ALJ made regarding the connection between his seizures and a drinking problem was inaccurate. *Id.* at 642. Had the claimant presented evidence that his spasms had worsened, or that he was suffering from some newly-diagnosed ailment, the Court would have come to the same conclusion the

6

magistrate judge did here.  The Court agrees with the magistrate judge that there is no grounds for a sentence six remand in this case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report (docket nos. 10 & 11) is **ADOPTED**

Accordingly, **IT IS FURTHER ORDERED** that Grubb's motion for summary judgment (docket no. 7) is **DENIED**, and the Commissioner's motion for summary judgment (docket no. 9) is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 8, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager